**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

---

# DOCKETING STATEMENT

---

Case Name: Steven Wayne Fish, et al. v. Kris Kobach, in his official capacity as Kansas Secretary of State, et al.

Appeal No. (if available) : 16-3147

Court/Agency Appeal From: United States District Court for the District of Kansas

Court/Agency Docket No.: 2:16-CV-02105 District Judge: Julie A. Robinson

Party or Parties filing Notice of Appeal/Petition: Kris Kobach, in his official capacity as Secretary of State for the State of Kansas

## I. TIMELINESS OF APPEAL OR PETITION FOR REVIEW

### A. APPEAL FROM DISTRICT COURT

1. Date notice of appeal filed: 5/23/2016

   a. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal:
   No

   b. Is the United States or an officer or an agency of the United States a party to this appeal? no

2. Authority fixing time limit for filing notice of appeal:

Fed. R. App. 4 (a)(1)(A) X Fed. R. App. 4(a)(6) ____

Fed. R. App. 4 (a)(1)(B) ____ Fed. R. App. 4(b)(1) ____
Fed. R. App. 4 (a)(2) ____ Fed. R. App. 4(b)(3) ____
Fed. R. App. 4 (a)(3) ____ Fed. R. App. 4(b)(4) ____
Fed. R. App. 4 (a)(4) ____ Fed. R. App. 4(c) ____
Fed. R. App. 4 (a)(5) ____
Other: ________________________________

3. Date final judgment or order to be reviewed was filed and **entered** on the district court docket: May 17, 2016

4. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b).
No________________________________________________

**(If your answer to Question 4 above is no, please answer the following questions in this section.)**

a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?
No____________________________________________

b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)?
Yes________________

c. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable? ______________________________________

5. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

a. Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and in a criminal appeal any motion for judgment of acquittal, for arrest of judgment or for new trial, filed in the district court:
NA_______________________________________________

b. Has an order been entered by the district court disposing of any such motion, and, if so, when?__NA_______________
_______________________________________________

6. Cross Appeals.

a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011)(addressing jurisdictional validity of conditional cross appeals).

______________________________________________

b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n. 18 (10th Cir. 2010)(discussing protective or conditional cross appeals).

______________________________________________

B. **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

1. Date petition for review was filed: _________________________

2. Date of the order to be reviewed: _________________________

3. Specify the statute or other authority granting the court of appeals jurisdiction to review the order: ____________________________
________________________________________________________

4. Specify the time limit for filing the petition (cite specific statutory section or other authority): _________________________________
________________________________________________________

C. **APPEAL OF TAX COURT DECISION**

1. Date notice of appeal was filed: ____________________________
(If notice was filed by mail, attach proof of postmark.)

2. Time limit for filing notice of appeal: ________________________

3. Date of entry of decision appealed: ________________________

4. Was a timely motion to vacate or revise a decision made under the Tax Court=s Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) ______________________________________________

II. **LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S).** If none, please so state.

None

**III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE PRESENT ACTION AND RESULT BELOW.**

Appellees were granted a preliminary injunction prohibiting Kansas from enforcing its law requiring individuals applying to register to vote at Kansas Division of Motor Vehicle ("DMV") offices to provide documentary proof of citizenship. *See* K.S.A. § 25-2309(l). The preliminary injunction further requires the Kansas Secretary of State's Office to revamp its election and registration procedures and requires the 105 county election officials to manually register over 16,000 individuals for federal elections only who have previously not been registered to vote for failure to comply with K.S.A. § 25-2309(l). Other provisions of K.S.A. § 25-2309 permit an alternative for individuals who lack documentary proof of citizenship to establish the required showing of citizenship, *id.* at 25-2309(m), and permit the Secretary of State to establish such requirements. *See id.* at 25-2309(t).

The Kansas statute enjoined below was enacted in 2011 and went into effect January 1, 2013. Four of the five individual plaintiffs below sent an NVRA notice letter on November 20, 2015 and filed this lawsuit on February 18, 2016. The district court granted a preliminary injunction, finding that the plaintiffs were likely to succeed on the merits that the National Voter Registration Act ("NVRA") preempted the documentary proof of citizenship requirement under K.S.A. § 25-2309(l) because, in its view, a signature attesting to one's eligibility was "at least one less burdensome alternative to assessing United States citizenship." Op. at 42. The court reached this decision despite evidence in the record that noncitizens had registered to vote and voted in Kansas when only the attestation signature described by the district court was required. *Id.* at 42-43.

There was also evidence of noncitizens registering to vote and voting outside of Kansas where only a signature attestation was required. *Id.* at 43, n.119. The text of the NVRA is silent as to whether a state may require documentary proof of citizenship to register to vote at the DMV. *See* 52 U.S.C. § 20504. Indeed, the text of the NVRA in its entirety is silent on the issue of documentary proof of citizenship. *See id.* at 20501 *et seq.*

The decision below also offers an improper interpretation of a federal statute because the interpretation raises constitutional doubt regarding the statute under the Qualifications Clause in the Federal Constitution. In Kansas, providing documentary proof of citizenship is a qualification of being an elector; accordingly, the Kansas Supreme Court has declared that one is not an elector until one has registered to vote. *Dunn v. Board of Com'rs of Morton County*, 165 Kan. 314, 328 (1948) Yet, the district court's decision below holds that requiring documentary proof of citizenship is *not* a requirement to being an elector for federal elections. This decision raises serious constitutional doubt as to the district court's interpretation of the NVRA as explained in *Arizona v. Inter Tribal Council of Arizona, Inc.*, 133 S. Ct. 2247 (2013).

## IV. **ISSUES RAISED IN THIS APPEAL.**

Issues raised in this appeal include, but are not limited to, the following:

1. Whether the district court erred in issuing a preliminary injunction of a law that had been enacted four and a half years prior to the case being filed, had been in effect for over three years prior to a lawsuit being filed, and when plaintiffs delayed thirty months from the time the first individual plaintiff was provided individual notice of the law's requirement.

2. Whether the district court erred in concluding that the injury to the Plaintiffs outweighed the injury to the State Defendants when all of the Plaintiffs are capable of meeting registering to vote under either K.S.A. §§ 25-2309(l) or (m), and the issuance of a preliminary injunction would cause immense statewide confusion among voters and impose severe administrative burdens on the election officials of the state and counties in a presidential election year.

3. Whether the district court erred in holding that Plaintiffs were likely to succeed on the merits that K.S.A. § 25-2309(l), by requiring documentary proof of citizenship from voter registration applicants who apply at the DMV, is preempted by the NVRA.

4. Whether the district court erred in determining that the holding of the United States Supreme Court in *Young v. Fordice*, that "[t]he NVRA does not list . . . all of the other information that a State may—or may not—provide or request" is not binding in this case.

5. Whether the district court erred in concluding that the evidence presented by the State—25 noncitizens who either successfully registered to vote prior to the law's implementation, or who attempted to register to vote after the law's implementation but was precluded from doing so by the documentary proof of citizenship law—failed to demonstrate that a mere attestation, as opposed to the documentary proof of citizenship requirement, was not the "minimum amount of information necessary to . . . enable State election officials to assess the eligibility of the applicant and to administer voter registration and other parts of the election process." 52 U.S.C. § 20504(c)(2)(B)(ii).

6. Whether the district court erred in interpreting the NVRA in a matter that raises constitutional doubt as to its validity under Article I, Section 2 of the United States Constitution.

7. Whether the district court erred in disregarding the "plain statement rule" of statutory interpretation where a federal statute is claimed to preempt a state law.

8. Whether the district court's refusal to grant deference to the Kansas Secretary of State's interpretation of what constitutes the minimum information necessary to preclude noncitizens from registering to vote under 52 U.S.C. § 20504 when he is the official charged with interpreting, coordinating, and implementing that statute.

## V. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

A. Does this appeal involve review under 18. U.S.C. § 3742(a) or (b) of the sentence imposed? ______________________________________________

B. If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction?______________________________

C. Describe the sentence imposed. ____________________________________
_______________________________________________________________

D. Was the sentence imposed after a plea of guilty? _____________________

E. If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?
_______________________________________________________________

F. Is defendant on probation or at liberty pending appeal? _________________

G. If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?________________________________________________________

H. Does this appeal involve the November 1, 2014 retroactive amendments to §§ 2D1.1 and 2D1.11 of the U.S. Sentencing Commission's Guideline Manual, which reduced offense levels for certain drug trafficking offenses?
_______________________________________________________________

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the clerk of the district court with a copy filed in the court of appeals.

## VI. ATTORNEY FILING DOCKETING STATEMENT:

Name: Kris Kobach, Kansas Secretary of State

Telephone: 785-296-4575

Firm: Office of Kansas Secretary of State Kris Kobach

Email Address: kris.kobach@sos.ks.gov

Address: Kansas Secretary of State
Memorial Hall 1st Floor
120 SW 10th Avenue
Topeka, Kansas 66612

**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

Appellant Kris Kobach, Kansas Secretary of State, in his official capacity

B. **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

Retained Attorney

Court-Appointed

X Employed by a government entity (please specify)
Office of Kansas Secretary of State

Employed by the Office of the Federal Public Defender.

/s/ Kris Kobach ____ ______June 7, 2016____________
Signature Date

9 Attorney at Law

**NOTE:** A copy of the final judgment or order appealed from, any pertinent findings and conclusions, opinions, or orders, any motion filed under Fed. R. Civ. P. 50(b), 52(b), 59, or 60, including any motion for reconsideration, for judgment of acquittal, for arrest of judgment, or for new trial, and the dispositive order(s), any motion for extension of time to file notice of appeal and the dispositive order **must be submitted with the Docketing Statement.**

The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF may be found on the court's website, www.ca10.uscourts.gov.

This Docketing Statement must be accompanied by proof of service.

The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, Kris Kobach, hereby certify that on June 7, 2016, I served a copy of the foregoing **Docketing Statement,** to the following Counsel by e-mail and first-class U.S. mail postage prepaid.

Stephen Douglas Bonney
ACLU Foundation of Kansas
6701 W. 64th Street, Suite 210
Overland Park, Kansas 66202
dbonney@aclukansas.org

Neil A. Streiner
Rebecca Kahan Waldman
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797
neil.steiner@dechert.com
rebecca.waldman@dechert.com

Dale E. Ho
R. Orion Danjuma
Sophia Lin Lakin
American Civil Liberties Union Foundation, Inc.
125 Broad Street, 18th Floor
New York, NY 10004
dale.ho@aclu.org
adonjuma@aclu.org
slakin@aclu.org

Angela M. Liu
Dechert LLP
35 West Wacker Drive
Suite 3400
Chicago, IL 60601-1608
angela.liu@dechert.com

*Attorneys for Appellees*

M.J. Willoughby
Assistant Attorney General
Memorial Hall, 2nd Floor
120 SW 10th Avenue
Topeka, KS 66612
MJ.Willoughby@ag.ks.gov

J. Brian Cox
Legal Services Bureau, KDR
Docking State Office Building
915 SW Harrison
Topeka, KS 66612-1588
brian_cox@kdor.state.ks.us

*Attorneys for Kansas Department of Revenue*

s/ Kris Kobach
Signature

June 7, 2016
Date

Kris Kobach KS No. 17280
Kansas Secretary of State
Garrett Roe, KS No. 26867
Assistant Secretary of State for the State of Kansas, Deputy of Legal Services

Office of the Kansas Secretary of State
120 S.W. 10th Avenue
Topeka, KS 66612-1597
Tel: (785) 296-4575
Fax: (785) 368-8032
E-mail: kris.kobach@sos.ks.gov

*Attorney for Appellant Secretary of State Kris Kobach*